Case number 15-1139, Kristen Kreipke et al. v. Wayne State University Argument not to exceed 15 minutes per side. Mr. Thomas, you may proceed for the appellant. Thank you and good morning, your honors. May it please the court, my name is Will Thomas and I represent the appellant, Dr. Christian Kreipke, individually and on behalf of the United States of America. Your honors, Dr. Kreipke and the appellee, Wayne State University, are before the court this morning on matters surrounding the United States' claims under the False Claims Act, Dr. Kreipke's claims under the False Claims Act, and Dr. Kreipke's state law claims. Five issues have been raised on appeal, but this morning specifically, Dr. Kreipke would like to focus on three of those issues. The first is whether Wayne State can be held liable under the False Claims Act. The second issue is whether the Board of Governors can be held liable under the False Claims Act. And the third is in regards to Dr. Kreipke's retaliation claim under the False Claims Act. And if there is no objection, Dr. Kreipke would like to turn the court's attention to the first issue. Your honors, don't judge a book by its cover. This idiom teaches us that what is on the surface does not necessarily dictate what lies beneath. That is a theme that runs throughout this first issue. And for determining whether an entity is a person under the False Claims Act and can be sued under the False Claims Act, the federal courts of appeal who have addressed how to analyze that question have determined that the applicable sovereign immunity or arm-of-the-state analysis for each respective circuit is the framework that is used to answer that question. Is Wayne State an arm-of-the-state? It is not an arm-of-the-state, your honor, under the sovereign immunity analysis for this circuit. Where does their money come from? Their money, largely 60% of their money comes from their students, much like a private university that's funded. And where does the rest come from? The rest of it comes from the state. The minority portion of their financial funding comes from the state. And over the last 15 years, the funding from the state has decreased over 50%. It's no secret, Wayne State says, and it was provided to the district court below that they put this information out, that they understand their fiscal reality. And it is a crisis for them that the state's appropriations lessen and lessen and lessen over time, and they have to find other avenues, much like a private university. It seems like most of the state universities around the country are facing that, aren't they? I can't speak for every university, your honor, but in the state of Michigan, it is a fiscal reality. Are there any universities other than Rutgers that have ever been found not to be a state for purposes of the FCA? There are a few state schools in Pennsylvania who have been found. The large majority of state universities, when it comes to whether or not they're an arm of the state, have been found to be arms of the state. Going back to your funding, is there any difference between Wayne State's situation without that funding and any other school in the state of Michigan? I can't speak for the University of Michigan. There are two echelons of universities in Michigan. Michigan, Michigan State, and Wayne State are the much larger upper echelon universities. Their funding, as a whole, has gone down across the board. That's just a fiscal reality of the state of Michigan. If we agreed with you, would our opinion apply to the University of Michigan, or are you saying there's something special about Wayne State? It would have a county's name in it, I guess. A few issues there, your honor. Is it named after the county, or is it named after Matt Anthony? Wayne County is where Wayne State University is located. So it's because of the location that it's called. Exactly. That's where the city of Detroit is located in Wayne County. The Sony and Hall opinions, as well as every other circuit who has decided it, has said when it comes to a state university, they must be a judge on their own merits. Every state system is unique, and every university within that system is unique. It would be unfair to attribute the University of Colorado and Colorado system with Wayne State and Michigan system. Why is Wayne State unique? Wayne State is unique because it is a non-traditional state university. It was started as a collection of city colleges that was grouped by the Detroit Board of Education. Of the 14 state universities in Michigan, from what Dr. Kripke's research has shown, it is the only Michigan state university that can't trace its origins back to the state of Michigan. From where it came, does that make any difference? From where it came, because if we look at it under that fourth factor, the Ernst test, we look as to whether or not it's a long-held traditional state function is what it's doing. Wayne State started as a group of city colleges. Did state universities start as private institutions? That was something that goes, of course they can, your honor, but that was one of the things that the Fourth Circuit noted with regard to Rutgers specifically. It started as private, became state. The Third Circuit, sorry, your honor. You're asking us to make a kind of sweeping holding here with respect to Wayne State based on things that are not all that unusual. A lot of state universities originally, I know the University of Kentucky, for instance, all used to be private institutions a long time ago. I think the University of Kentucky used to be a city. A long, long time ago. Northern Kentucky Law School used to be run by the YMCA. Yeah, and that's the genesis or the history, tradition, and character of the university is simply germane to that fourth factor under Ernst. Your honor, these people are governed by people who are elected in a statewide election. They are elected in a statewide election, yes. And they serve the locality. Debts of the university are paid if they're not paid by the university or paid by the state. They're actually volunteers. The state statute says that they are to serve on a volunteer basis. They receive no compensation from the state. I'm talking about debts in general of the university. I beg your pardon? Debts in general of the university. Yes. The state's responsible for them in the end. Are you speaking about the Board of Governors specifically? I thought they were the same thing. I mean, I know you say they're different, but it's hard for me to see how they're different. I mean, it's a legal matter. They're the same entity, aren't they? Michigan law says the opposite. And Wayne State concedes as much in its briefing that there are two controlling cases from the Michigan Supreme Court and from the Michigan Court of Appeals that say that universities and their governing boards are distinct entities. They are not one and the same. And that's one of the arguments that Wayne State brought up with regard to the state, if the Wayne State University sues, they sue as Wayne State University, not as the Board of Governors. I'm assuming that Wayne State, if it wants to sue as the entity and pursue it that, they can. If the Board of Governors wants to bring a suit. Is Wayne State allowed to sue? The Board of Governors is allowed to sue under statute. How about Wayne State? I do not know that answer, Your Honor, but the Wayne State has been a plaintiff, assumingly, in litigation. The Board of Governors is not the chief plaintiff in every case that they might pursue. But as to... You're arguing that Wayne State is not a state actor and you've talked about the diminution in funding and you've talked about some other factors, but doesn't your position fly in the face of Comanche versus Teachers Insurance and Annuity Association out of this circuit? Your Honor, that case is distinguishable because for two reasons. First, it was decided in 2000, which came before the Ernst decision. The Ernst decision set the adequate test for determining whether an entity was an arm of the state or a person under the False Claims Act, as Dr. Kripke asserts this court should adopt. That decision only considered a single state statute. Are you saying that Ernst abrogated Comanche? I wouldn't say it would go as far as to abrogating, but it's distinguishable because Ernst has four factors and Comanche considers only one sub-factor within Ernst's second factors. It disregards the first, third, and fourth factors. And latter opinions that have come after Ernst, this court has said, failure to consider all of the Ernst factors is reversible error. So Comanche can be distinguished because it didn't take into consider the full scope of Ernst's factors, and that's why Comanche wouldn't control in this case, and this court wouldn't be bound by it. You earlier talked and placed a bit of emphasis on the 40% funding that you say comes from the state, but you've acknowledged that the Board of Governors are elected by the people, and that would seem to argue for a state entity. There is no pay, but assuming if there were pay, since it's elected, it would come from a governmental entity. So don't those things really weaken your position? Your Honor, they don't weaken our position because we have to take these facts about funding and the Board of Governors, and we have to filter them through Ernst's factors. And the question of the election of the Board of Governors isn't really matched one place or another in the factors. The third factor asks, A, if there is a governing board, and, B, whether they're appointed by state or local officials. Now, yes, there is a controlling board, but they aren't appointed, and this court hasn't spoken on as to, well, where does that, you know, where does an elected board come into play on that third factor? But what... A populist would certainly argue more strongly in terms, in favor of state than would even be appointed, wouldn't it? If election, if election was a relevant consideration under the third factor, that would actually have to be judged against the fact that Wayne State, the board, the boards are elected via statewide, and for 11 other universities in the state of Michigan, the boards are appointed by the governor. That juxtaposition, that taking the power away from the state when it comes to appointing these board members, is a strong signal of the state's distance from Wayne State. That would be weighed against... The Michigan board is not elected? The Michigan board is not elected, the Michigan State board is not... I'm sorry, the Michigan, Michigan State, and Wayne State boards are elected by the people, the 11 other universities are appointed by the governor and approved by the Senate. So it's not unique, it's the same as Michigan and Michigan State in that regard. It is not unique in that regard. When I was speaking earlier about these two echelons, the upper echelon of universities, which would be Michigan, Michigan State, and Wayne State on the one hand, and the rest on the other. But to Judge Donald's, to finish that question, Judge Donald, it's if the election of the board comes into the fray, it would be refined to that third factor only. And as Dr. Kripke pointed out, the first, second, and fourth factors weigh against Wayne State. And if, ultimately, this court finds that factors weigh in favor and against Wayne State as to the question of if they're an arm, then we have to go back to the final question, or the final kind of tiebreaker, so to speak, which is the dual reasons under the 11th Amendment for sovereign immunity, which is dignity and money. Dr. Kripke showed that the money will not come from the State of Michigan, any judgment against Wayne State, and the dignity of being subjected to a private party's lawsuit is not present in a key TAM suit because the United States of America is the real party in interest. Any judgment against Wayne State will not come from the State of Michigan? Nope. Under the Ernst first factor, Your Honor, it looks for is there contractual or legal liability mandated under state law that the state must pay for that judgment. There is no such law or contractual obligation in this case. Of course, it's not like Rutgers where they're actually immune or said the state was not liable. As for, I'm not sure that the COVATS decision with regard to Rutgers actually went and considered the specific monetary issue, but it is undisputed, as Dr. Kripke showed, that the State of Michigan is not legally obligated to pay for this judgment. Thank you, counsel. Thank you very much. May it please the court. My name is Ken McIntyre, and I represent Wayne State University. What I'd like to do with my time, if it's agreeable to the court, is to respond to several of the points that Brother Counsel made and also to cover what I think are the most salient points in the briefing before the court. First, I'd like to address the issue of whether or not Wayne State University is an arm of the State of Michigan. Looking at Ernst, number one, it does not abrogate. It does not overrule. It does not criticize the prior opinions of this court, whether they are SJ, Smyrna, or the case that Judge Donald mentioned. The Ernst court tells us en banc that you are to look at these as a body of alternatives and that Ernst provides benchmarks, factors, and considerations. There is no hard and fast rule that you have to apply all of the factors contained in Ernst. Ernst tells us that the key to an analysis as to whether or not an entity is an arm of the State is the question of whether it most naturally should be characterized as an arm of the State and that the first and foremost test in that analysis of the natural characterization is the question of whether or not there is potential liability on the part of the State for a judgment entered against the entity at issue. It is key in Ernst that the court rejected the concept that in order to find that there is potential liability, that there has to be a remedy, that there has to be a manner of collecting, that there has to be evidence as to how and when it would be done. That was the very ruling of the first panel that considered the Ernst matter, which was the result of dissent and which effectively was overruled by the en banc court. Secondly, there is no doubt, and Plaintiff has plied affirmatively in his complaint and then his amended complaint in paragraph 12, that Wayne State University is a state-funded university. If you go to Ernst, Ernst says the question in determining whether or not there is an arm of the State is one of fiscal reality. And the court says it is physical reality that if the State funds an entity and a judgment is entered against that entity, then there is in all likelihood there is a physical reality that the State is going to pay for it. Counsel, could I ask a question that is a little bit different? I am concerned about this asserted difference between the Board of Governors of the university and the university. Yes, Your Honor. If you contract with a university and they break the contract, you can sue them, I assume, in the State or not? I don't think so. You can't sue them? If you want a judgment, I don't think so. Because they are immune? Is that the theory? Yes. If I could answer the question, no. If you go to the statutes at issue. All right. Well, when they sue then, presumably there can be counterclaims if they sue? There can. Or not? If you look at Judge Cook's opinion in X. Rel. Moore. Pardon me? I haven't got to the question yet. All right. I am sorry. I didn't mean to cut Your Honor off. If you sue, if Wayne State can contract and then it can sue the person it contracts with, right? Is that all done in the name of the Board of Governors or is it done in the name of Wayne State University and the Board of Governors is some different entity? To answer your question. Number one, the Board of Governors of Wayne State is empowered to sue and be sued. Number two, the general rule of law is that Wayne State University is not an entity for purposes of suing or being sued. They can be sued, but they can't be sued, you say? As a practical matter, what happens is like what happened in X. Rel. Moore where a Quiton False Claims Act claim was brought against the University of Michigan. It was brought in the name, it was styled Robert Moore versus the University of Michigan. And a 12B6, 12B1 motion was brought to dismiss for lack of jurisdiction. And the Chief Judge of the Eastern District of Michigan ruled that any judgment entered against the University of Michigan would be paid out of the treasury, noting the statute. That's the question you want to answer. I'm curious about the difference. I'm trying to answer, believe me or not. Are they the same thing or are they something different in terms of evidence? They are one and of the same. They are older egos of each other, if you will. It's a different word for the same thing as far as litigating parties goes. As a practical matter, yes. Well, as a practical matter, it's a qualification that sort of does away with my answer. As a legal matter, are they the same thing? Not as a practical matter, yeah. You can say when you sue a person, when you sue a policeman, the city is going to pay for it and therefore, as a practical matter, it's the same thing. But legally, they're different. Your Honor, I'm not trying to evade or avoid answering your question. I know, but I just want the answer. I would say this. We've done a lot of research to find out what is the university. There really is nothing that we have found that says, oh, the university is this, that, or anything else. We have found all kinds of cases where the university is sued and it's treated as a suit against the board. And we have cited to a general treatise that says suits against the university are not proper because only the board can be sued or sued. This is what I thought you were saying, but you seem hesitant to say it, which makes me wonder. That for legal purposes, it's just a formality of how we refer to that entity because it's run by the board. It is. If you call a suit against the board or a suit against the university, it's the same thing. The board runs the university. All right. Counsel, it was my understanding, which may not be worth a lot, but it was my understanding that Michigan law does not assign to this university the right to sue or be sued, but does assign those rights to the board of governors. That's what the statute says, Your Honor. Thank you. And the case law says where there is an attempt to draw a distinction between the two, the Heike v. Central Michigan case says that they are one and the same. I don't mean to muddy the waters further, but it is our position that if I can elaborate a little bit on plaintiff's argument, there is no case that draws a distinction between a university and its board and says that they are two distinct entities, as the plaintiff says in his brief. To the contrary, all the cases that have been cited have said that a judgment should be entered against the board, and there are cases that say that they should be treated as one and the same. Nevertheless, plaintiff has this somewhat tortured, strict construction of the word board, and he says the university is not a board, only the board comes within the statute. Therefore, it doesn't matter whether the whole house of cards tumbles, whether I sue Wayne State, Michigan State, any of them, well, one of the answers is not only as a matter of the analysis that we put forward, but in reading his reply brief that goes on and on and on with this interpretation, there is a canon of construction in the federal courts and the state courts that you will not strictly construe a term in a statute if it works in absurdity. And absurdity is defined as something bizarre, something that is not in keeping with the apparent intent of the legislature, and that works against the very fabric of the program at issue. And this test that comes from the Supreme Court in Justice Salia was reviewed most recently by the Michigan Supreme Court in a case called Michigan Educational Association versus Secretary of State at 498 MISH 194. And in that case, the court says if it works a bizarre or strange or incongruent effect, you don't engage in that. You put it within the context of what is to be accomplished. Here, the state, through its Constitution and through myriad laws, for all of its universities has set up a scheme, a scheme as to how they're governed, how their Board of Regents are elected, and how they are paid for, and how they run the possibility of a judgment they're reimbursed. And with this one word, Plaintiff would have us topple that whole historic scheme. And in the words of Judge Markman and in the words of Judge Scalia, that would be unthinkable or bizarre that the legislature intended that. So there's another ground to reject this argument. What about the suit against the president? Well, the suit... The president's not the same as the university. Under the Michigan, I believe they're number one, Your Honor, of course, the president's not a defendant at this time. There was a motion to amend the judgment. Denied is futile, though. It was denied, if I can get into that. It was denied for two reasons by the district court. One, futility, and one, mootness. And the analysis on that... I'm not seeing how it's moot, so why don't you address futility? Well, with all due respect, okay, here's why I think it's futile. Futility is this. The district court, A, said no false claims act because the university's not a person. B, same analysis applies to 11th Amendment immunity. And you find 11th Amendment immunity for the university and for any official acting on behalf of the university in an official capacity. If false claims act's gone, the sole basis for jurisdiction... Was there a proposed amended complaint? There was, Your Honor. Did it sue him in his individual capacity or his official capacity? Interestingly enough, in the caption, it says Roy Wilson individually. Right. But nowhere in the body does it explain how he acted individually. Well, then you can say there's not enough complaint, but you can't say that's an official suit when they sue him individually. Did they not serve him? Or it hasn't been allowed to file him? They didn't allege any facts against him as to how or why he's individually liable. Because they addressed no facts? Pardon me? He should be thrown out or found to be futile because it addressed no facts? The law is that Wilson facially is subject to governmental tort immunity under the statutes of Michigan. And we cite... Individual capacity. That's how those suits go under that statute. Well, Frank Kelly was alleged to act individually, but it was clear he was acting on behalf of the Attorney General's office. Yeah, but the capacity of the suit is that you can act officially and be sued in your individual capacity. We see those cases every day. But they have to lay out facts demonstrating that immunity doesn't apply. Right. But it's no answer to say, well, he was sued in his individual capacity, but he was acting in his official capacity. Therefore, this is a suit in his official capacity. That's incoherent. Their original complaint alleged facts showing that he was acting as an agent and on behalf of Wayne State. But I'm saying you can be acting as an agent of the government and be sued in your individual capacity. It happens all the time. Not for purposes of immunity. I'm talking for purposes of a suit. I agree with you, Your Honor. You can sue anybody and say anything. I'm not saying you can sue anybody and you can say anything. I'm saying when you sue the Secretary of State in his official capacity, in his individual capacity, that just means that if you win, you get money out of that person's pocketbook. But you can still sue. You can sue a policeman, for instance, in his official capacity. He's acting in his official capacity when he arrests you. But you sue him in his individual capacity. It just doesn't answer to say he's acting in his official capacity. Therefore, he's sued in his official capacity. I understand, Your Honor. Can I make my point on futility? I'm almost out of time. The district court found that there was no jurisdiction because of 11th Amendment immunity. He also found the False Claims Act didn't apply. There is no longer any federal question at issue in the case. The remaining state law claims. For a state law violation. There were these remaining state law claims, but they become… They're supplemental claims that don't, under these circumstances, have to be pled or adjudicated by the court, if you will. Oh, I see. What I'm saying is that, A, he didn't have to consider them. Justice Scalia… That's different from saying they're futile, though. I agree with you. The words don't match, but this court can affirm if he was correct, even though he didn't use the right term. But it's pretty clear here. Pardon me? That's not a futility argument. You agree. Usually, I would agree that futility involves the substance of the claims. And we've explained in our brief why the claim against President Wilson would have been futile. We also explained why the proposed amendment would be futile. All right. Again, I apologize, and I do not want to be viewed as being shilly-shallying or not responding to the court's inquiry. We understand. Thank you, Counsel. Thank you. Thank you. And, Your Honors, I will be brief, just to point out a few notes from Brother Counsel's comments. First, with regard to the first factor about state liability, Ernst does not stand for the proposition that if you get some money from the state, the state's going to end up paying for the judgment. This Court can read Ernst. It doesn't say that. It says contractual or some sort of legal liability to pay for it. There is no state law or no contractual obligation for the state to pay for Wayne State's fraudulent conduct. Second, Brother Counsel stated that there just is no case out there that stands for the proposition that Wayne State and its Board of Governors are the same entity. But I would point Brother Counsel in this Court to page 37 of Wayne State's response in which they admit that people versus Brooks and Branham versus State from the Michigan Supreme Court and the Michigan Court of Appeals say exactly that, and they repeat that sentiment. And as for the last issue dealing with… I've got to ask you something about your first point when you said it doesn't mean that it's going to come out of the state treasury. But here, looking at the Ernst factors, doesn't your client say that he rather is seeking the return of federal funds wrongfully transferred to Wayne State, and then if he prevails, that means that that is going to be money that is going to come back out of the Wayne State treasury, doesn't it? That money came from the federal government, went into Wayne State's bank account, and because there is no federal law, or I'm sorry, there is no state law saying that the state of Michigan is going to pay for this lawsuit, that money or any recovered from this lawsuit will come from only Wayne State University's bank account. So this has nothing to do with the state, and there is no obligation that any of this money will come from them. This money has only been from Wayne State University, and that's the scope of what Ernst looks at, is whether the state is legally or contractually obligated to pay for this, and that isn't present in this case. And the last point that was discussed is regarding the amendment. The district court only ruled on mootness grounds, didn't rule on futility grounds. And the proposed second amendment complaint was offered, but was never filed or considered. The merits of it were never considered by the district court, and in the alternative, if the court finds that the amendment should have been allowed, then we would seek a remand for the consideration of the issues concerning appellant's proposed second amendment complaint. Thank you, Your Honor. Thank you, Counsel. The case will be submitted. I believe the other cases are on the briefs, so you can go ahead and adjourn the court.